**Gregory T. AMBUS, Plaintiff and Appellant,**

v.

**UTAH STATE BOARD OF EDUCATION, Defendant and Appellee.**

No. 890497.

Supreme Court of Utah.

Oct. 31, 1990.

Stephen W. Cook, Salt Lake City, for plaintiff and appellant.

R. Paul Van Dam, John S. McCallister, and Douglas F. Bates, Salt Lake City, for defendant and appellee.

HALL, Chief Justice:

This case is before the court on an interlocutory appeal from the denial of appellant's motion for summary judgment. Appellant contends that summary judgment is appropriate on the issue of whether the Utah State Board of Education erred in using evidence of the substantive charges contained in expunged criminal records in a professional licensing hearing.

Appellant Gregory T. Ambus received certification as a secondary school teacher on August 13, 1981. Subsequent to certification, he taught in the Granite School District ("Granite") as a science teacher and received a number of awards and honors for his teaching abilities.

On April 7, 1986, Ambus was arrested by the Salt Lake City Police Department and charged with two counts of marijuana distribution and one count of agreeing to distribute. The events that were alleged to have taken place in Ambus's home did not involve his duties as a teacher. He consistently maintained his innocence, and on December 5, 1986, the charges were dismissed.

On May 4, 1987, the Third Judicial District Court entered an order of expungement, which reads in pertinent part:

> This Court finds that the statements made by defendant in the petition above are true, and that the rehabilitation of defendant has been attained to the satisfaction of the Court.
> NOW, THEREFORE, IT IS ORDERED as follows:
> 1. All records in defendant's case in the custody of this court, or in the custody of any court, agency or official, shall be sealed and expunged. . . .
> 2. Upon entry of this order, defendant shall be deemed judicially pardoned, and he may respond to any inquiries relating to convictions of crimes as though the conviction described above had never occurred.

Regardless of the expungement, Granite terminated Ambus's employment. He appealed the termination, and it was submitted to arbitration, where the hearing officer "strongly recommend[ed]" that "the termination be reversed and the Grievant be restored to some equivalent teaching post within the Granite School District as of the beginning of academic year 1987–1988." Despite the arbitrator's recommendation, Granite refused to reinstate Ambus;[1] nevertheless, he was able to obtain employment in the Salt Lake City School District.

On January 27, 1988, a newspaper article appeared in a local newspaper describing the litigation initiated by Ambus in the federal court. As a result of information contained in the newspaper article, the Utah State Board of Education ("the Board") initiated steps to revoke Ambus's teaching certificate.

On October 20, 1988, the Board held a hearing to determine Ambus's qualifications to continue teaching. At the hearing, the Board called two witnesses, the arresting officer and the paid informant, who were involved with the underlying events giving rise to the criminal charges contained in the expunged records. Ambus made timely objections to the use of any evidence relating to the events which formed the basis of the arrest and the expunged records.

On March 16, 1989, the Board revoked Ambus's teaching certificate based upon the testimony received at the hearing. Ambus filed the instant action on March 20, 1989, alleging, among other things, that the Board's use of evidence of underlying events that were part of expunged criminal records violated the district court's order of expungement and Utah's expungement statute, Utah Code Ann. § 77–18–2 (1987). Ambus's motion for summary judgment was denied, and he brought this interlocutory appeal.

The issue in this case is whether the Board could properly admit and use evidence of events contained in the record that gave rise to criminal charges that had been dismissed and resulted in expungement. Our review of the Board's action entails a question of law, statutory interpretation, and legislative intent; we therefore accord no deference to the Board's determinations but review them for correctness.[2]

Utah Code Ann. § 77–18–2 (1987) governs expungements and reads in pertinent part as follows:

(2)(a) When a person has been arrested with or without a warrant, that individual, after one month if there have been no intervening arrests, may petition the court in which the proceeding occurred, or, if there were no court proceedings, any court in the jurisdiction where the arrest occurred, for an order expunging and sealing any and all records of arrest and detention which may have been made, if any of the following occurred:

(i) he was released without the filing of formal charges;

(ii) proceedings against him were dismissed, he was discharged without conviction and no charges were refiled against him within 30 days, or he was acquitted at trial; or

(iii) the record of any proceedings against him has been sealed under Subsection (1).

(b) If the court finds that the petitioner is eligible for relief under this subsection, it shall issue its order granting the expungement and sealing.

(c) This subsection applies to all arrests and any proceedings which occurred before, as well as those which may occur after, the effective date of this section.

(d) The court shall enter an order that all records in petitioner's case which are in the custody of that court, or any

---

1. As a result of Granite's refusal to reinstate him, Ambus brought an action in the United States District Court, District of Utah, in which the court upheld Granite's refusal to reinstate him. *Ambus v. Granite Bd. of Educ.*, No. 88–C–59G, slip op. (Utah June 12, 1990).

2. *See, e.g., Hurley v. Board of Review of Indus. Comm'n*, 767 P.2d 524, 526 (Utah 1988); *Utah Dep't of Admin. Serv. v. Public Serv. Comm'n*, 658 P.2d 601, 608 (Utah 1983).

other court, or any state, county, or local entity, agency, or official, be sealed.

. . . .

(3) The person who has received expungement and sealing of an arrest or conviction may answer an inquiring employer as though the arrest or conviction did not occur.

Ambus claims that the clear intent of the statute is that criminal records and evidence of criminal actions cannot be used in proceedings subsequent to the expungement of the record and cites *Doe v. Utah Department of Public Safety* [3] in support of his claim. In *Doe*, the appellant applied for employment with the Utah Department of Corrections, which required the approval and certification of the Division of Peace Officer Standards and Training ("P.O.S. T."). Appellant was granted a trial court order ruling that P.O.S.T. could not consider expunged records in deciding whether to grant or deny certification. We upheld the trial court's order and stated that the legislature

> sought to emphasize the fact that in addition to all else, evidence of convictions and arrests are often tantamount to an automatic bar to employment of individuals so classified.... And the statute's failure to provide superfluous assurances of the effect of expungement does not negate the fact that offenses are expunged pursuant to the statute such that successful petitioners need not reveal information concerning the same. Were it otherwise, the statute would not strictly prohibit *all* entities and individuals except the petitioner (and those obtaining his or her release) from inspecting expunged records.[4]

In the instant case, the Board obtained the testimony of the arresting officer and a paid informant, both of whom had testified at previous criminal hearings. In addition, the arresting officer utilized the state toxicology report in his testimony to the Board.

Section 77–18–2 speaks only of protecting a petitioner from third-party inspection of records, and information from nonrecord sources regarding a petitioner's reputation or bad acts is not prohibited by the statute. However, subsection (5) states:

> (5)(a) The Utah Bureau of Criminal Identification shall keep, index, and maintain all expunged and sealed records of arrests and convictions. *Any agency or its employee who receives an expungement order may not divulge any information in the sealed expunged records.* Employees of the Bureau of Criminal Identification may not divulge any information contained in its index to any person or agency without a court order, except for certification of an applicant for peace officer status, or for use by the Board of Pardons.

(Emphasis added.)

■ Because it is undisputed that the arresting officer had notice of the expungement and sealing of the record and that the information in the instant case was contained in the sealed expunged record and derived solely from the arresting officer, the toxicology report, and the agency's paid informant, the testimony was prohibited by section 77–18–2(5)(a). The basis for the prohibition is sound. Those persons who have access to the sealed record or whose testimony is bolstered by reference to it cannot be allowed to "recreate" the record in proceedings subsequent to the expungement. A contrary result would vitiate the purpose of the expungement statute.

The intent of the legislature was not to create "super-citizens" by requiring employers to ignore press releases or prevent them from independently checking the background of employees or future employees simply because the record has been expunged. Although court records are sealed, employers or licensing agencies may make independent inquiry into the acts of those who are or will be employed. So long as independent inquiry is not from state agency sources that have received an expungement order, it is the employer's or

---

**3.** 782 P.2d 489 (Utah 1989).

**4.** *Id.* at 493 (emphasis in original).

agency's prerogative to decide whether any information properly received qualifies an individual for employment or licensure.

The trial court's denial of plaintiff's motion for summary judgment is reversed, and we remand for proceedings consistent with this opinion.

STEWART, DURHAM and ZIMMERMAN, JJ., concur.

HOWE, Associate Chief Justice (concurring):

I concur. Section 77–18–2(5)(a) seals the lips of the police officers and the paid informant since they are employees of an "agency" which has been furnished a copy of the expungement order. The toxicology report, which has been sealed as part of the record, is likewise unavailable as evidence. However, as I pointed out in my dissenting opinion in *Doe v. Utah Department of Public Safety*, 782 P.2d at 495, subsection (3) only gives a very limited privilege from answering concerning arrest or conviction. That privilege is when "an inquiring employer" asks concerning the arrest or conviction. Since the Board of Education is a certifying agency, and not an "employer" with regard to plaintiff Ambus, he has no privilege to answer "as though the arrest or conviction did not occur."